Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JAZMIN GRAFF, an Individual,<br><br>      Plaintiff,<br><br> v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>      Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $7,435,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

  COMES NOW, Plaintiff Jazmin Graff, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Jazmin Graff, lives

in Multnomah County, Oregon. Defendant is a public corporation incorporated in, and with a principal place of business, in Oregon. The OHSU Board of Directors, whose members are appointed by the governor and approved by the State Senate, governs the university. As a public corporation, it receives federal and state funding. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about July 19, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Multnomah County, Oregon.

3.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

4.

Plaintiff is a medical doctor who worked as a second-year resident in Anesthesiology and Critical Care Medicine at Defendant's facility. The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. Plaintiff was on the frontline of the COVID-19 pandemic and had direct contact with patients, including COVID-19 patients.

5.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of her faith to the best of her ability. Plaintiff believes that God created her with an immune system, and she cannot alter his design. Plaintiff believes

she is a child of God; that her body is a sacred temple; and that human blood is to be kept pure in all circumstances and free from contaminants such as foreign substances. The core of her faith is blood and failure to obey her Christian conscience and mandates is a sin. To Plaintiff, it is an affront to her religious beliefs and abhorrent to God to inject her body with a man-made substance in an effort to improve her immune system. In sum, for Plaintiff, taking a vaccine would be a sin and dishonors God.

6.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

7.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with medical conditions or religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for medical and religious exceptions. Plaintiff informed the Department of Anesthesiology and the Residency Graduate Medical Education office that she needed a religious exception to the mandate. Plaintiff was repeatedly told that her religious exception request would not be approved, even before the request had been reviewed. Plaintiff was also informed that even if she did receive an exception, she would not receive any accommodation.  Plaintiff submitted her religious exception request despite these admonitions and specifically asked to be accommodated by being allowed to continue to work as she had been doing for the past sixteen months, with personal protective equipment (PPE) and other measures.

8.

Plaintiff asked multiple staff members in the Anesthesiology department for assistance to

look for another residency program she could transfer to, but they refused to help. Due to the emotional toll and stress that Plaintiff suffered from losing her career, she applied for, and was granted, a leave of absence.

9.

Plaintiff's last day of work at OHSU was October 14, 2021. Plaintiff was on leave of absence from October 16, 2021, until January 5, 2022. Plaintiff was terminated on January 6, 2022. Plaintiff's termination precluded her from completing her residency training. She spent nine months looking for employment and other residency programs into which she could transfer. Plaintiff applied for unemployment benefits, which OHSU denied, claiming that she had voluntarily left her position. However, after a hearing, a judge awarded her benefits.

10.

Prior to Plaintiff's termination, she was subjected to a hostile work environment. Plaintiff was made to feel like a social pariah because she had religious convictions that would not allow her to become vaccinated. OHSU exacerbated the environment by implementing a policy where vaccinated employees wore stickers on their badges. When other employees saw that Plaintiff did not have a sticker, they would walk away from her and leave the office. The COVID policies implemented by OHSU alienated Plaintiff from her colleagues, and she felt humiliated and painfully uncomfortable. OHSU used these tactics to attempt to coerce Plaintiff to choose the vaccine over deeply held religious convictions.

11.

After Plaintiff's termination, she was forced to break her apartment lease and move to live with her family in California. She has applied for residency and for a California medical license in an attempt to complete her residency training. Plaintiff found employment as an Anesthesia

Technician with a health care system that accepted her religious exception and allowed her to work.

12.

The termination of Plaintiff's residency and career is an open wound causing serious psychological and financial trauma. She fears that she will never be able to complete her medical training to allow her to be employed as a physician again. Being terminated from her medical training program was a career-and life-altering event for Plaintiff. She sought counseling to deal with the trauma, severe stress, anxiety, PTSD and depression that losing her career has caused her. Plaintiff's new employment pays approximately $30,000.00 less per year, and she has no health or retirement benefits. Not being able to afford health insurance is very stressful, and she constantly fears bankruptcy if she were to need unexpected medical care. Plaintiff's residency training has already been delayed for approximately three years, and she has lost three years of her expected future salary as an anesthesiologist. She will lose many more years unless she is reinstated to her previous position.

13.

The Defendant has yet to explain why, in its view, after two years working remotely, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her termination.

14.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. Plaintiff could have continued working with PPE and other measures,

as she had done been doing since the start of the pandemic. Defendant took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

15.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered significant damage.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

16.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

17.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

18.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

19.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an unfair hardship to have allowed Plaintiff to continue working with PPE and other measures, as was done for the two years before the imposition of the COVID-19 vaccine mandate.

20.

Instead of continuing the reasonable accommodation that was already in place and that

would have allowed accommodation for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

21.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $1,860,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages of no less than $5,575,000.00 or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

22.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

23.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

24.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

25.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's

Page 7 –COMPLAINT FOR DAMAGES

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE and other measures, as was done for the two years before the imposition of the COVID-19 vaccine mandate.

26.

Instead of continuing the reasonable accommodation that was already in place and that would have allowed accommodation for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

27.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $1,860,000.00, and for non-economic damages of at least $5,575,000.00, or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $7,435,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 19th day of September, 2023.

                                                  JANZEN LEGAL SERVICES, LLC

                                                  By /s/ Caroline Janzen
                                                  Caroline Janzen, OSB No. 176233
                                                  caroline@ruggedlaw.com
                                                  Attorney for the Plaintiff